UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARTHUR MARCEL BROWN,

                Plaintiff,

v.                                                    Case No. 19-CV-1776

CPT. CHAD KELLER, *et al.*,

                Defendants.

## ORDER

On August 28, 2020, the defendants filed a motion for summary judgment on the ground that *pro se* plaintiff Arthur Marcel Brown failed to exhaust his administrative remedies prior to filing his lawsuit. (ECF No. 35.) On February 10, 2021, the court found that an evidentiary hearing was necessary to resolve factual disputes regarding whether administrative remedies were available to Brown. (ECF No. 60.) That hearing occurred via Zoom on June 15, 2021.

1. **Legal Standard**

The Prison Litigation Reform Act (PLRA) applies to this case because Brown was incarcerated when he filed his complaint. According to the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To properly exhaust administrative remedies, prisoners must file their

inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If a court determines that a prisoner failed to complete any step in the exhaustion process prior to filing a lawsuit, the court must dismiss the prisoner's lawsuit. *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999).

That said, a prisoner is required to exhaust only those administrative remedies that are "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies are "unavailable" where "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved inmates'; (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use;' or (3) prison administrators take affirmative action to thwart use of the grievance process," but these are "only examples, not a closed list." *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018) (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016)).

**2. Analysis**

Brown was allowed to proceed on six claims: (1) a due process claim against Chad Keller and Tom Larson for falsely issuing a conduct report and depriving him of a due process hearing on that conduct report; (2) a First Amendment retaliation claim against Christopher Hoch for a fabricated conduct report; (3) a First Amendment retaliation claim against Jason Ralls for prohibiting Brown from getting a haircut; (4) a First Amendment retaliation claim against Jessica Nash for denying Brown a phone call, recreation time, and a trip to the library; (5) a First Amendment retaliation claim against Brandon Nelson for calling Brown a racial slur and using obscene language;

2

and (6) a First Amendment retaliation claim against John Doe defendants (now identified as Jessica Nash and Tami Chambers) for breaking Brown's prescription glasses. Initially, defendants moved for summary judgment on all six claims. However, in their position statement for the evidentiary hearing the defendants indicated that they are no longer pursuing summary judgment on Claim 2. (ECF No. 67 at 3.) Brown was the only witness at the hearing.

*2.1 Claim 1*

The defendants' position on Claim 1 is that Brown failed to exhaust his administrative remedies because his appeal of the relevant inmate complaint, RGCI-2019-17736, was more than two pages. (*See* ECF No. 67-2 at 23-29.) Wis. Admin. Code DOC § 310.09(2)(2) states that an appeal may "[n]ot exceed 500 words total and not exceed two pages."

While inmates generally have to adhere precisely to the complaint procedures to properly exhaust their administrative remedies, *see Pozo*, 286 F.3d at 1025, "[p]risons must affirmatively provide the information needed to file a grievance." *Ramirez,* 906 F.3d at 538. In other words, the prison must take "reasonable steps to inform the inmates about the required procedures." *Id.* Failure to do so results in the administrative procedure becoming unavailable. *Ross* 136 S. Ct. at 1859-60 (2016). And this goes beyond materials or guides provided by the prison at orientation or upon arrival at the facility. "[A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end." *Id.* at 1859.

3

In his testimony Brown admitted that his appeal was more than two pages but also noted that his appeal contained only approximately 480 words. Brown also acknowledged that he did not follow the instructions on the appeal form DOC 405, which states that, if additional pages are needed, the inmate should use form DOC 400-B. However, Brown, who was in the Restricted Housing Unit (RHU) at the time, states he did not have access to form DOC 400-B. Brown had to obtain the necessary forms from officers stationed in the RHU. When he asked for the forms, he was given additional form DOC 405s, so that is what Brown used to draft his appeal. Brown also testified that the officers seemed unclear on what exactly the proper process was, and he was often given incorrect information. "[W]hen prison officials fail to provide inmates with the forms necessary to file an administrative grievance, administrative remedies are not 'available.'" *Kaba*, 458 F.3d at 684.

The evidence demonstrates that Brown was unsure what was required to properly file the grievance; the process was not clearly explained to him and the forms were not readily accessible. Yet, despite these obstacles, Brown still attempted to properly file an appeal. Although his appeal was more than two pages, it was written on the only form given to him, form DOC 405, which the court notes contains an instruction box that takes up approximately one-third of the page. The defendants did not provide the court with the proper form, form 400-B, so the court cannot determine whether Brown would have been able to squeeze his entire complaint onto two pages had he been provided with the proper form. The court also notes that Brown's

4

handwriting is clear but large, which makes it more legible but causes it to take up more space than an inmate who writes smaller.

The restrictions required by Wis. Admin. Code DOC § 310.09(2)(e) exist to prevent inmates from overwhelming prison officials with voluminous appeals that contain rambling statements and arguments. That is not what Brown did here. He kept his appeal under 500 words and succinctly and clearly explained what his complaint was. In the court's view, Brown substantially complied with the requirements, and the defendants were notified of his grievances against the institution prior to Brown filing suit. That is the point of the exhaustion requirement. *See Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002). Summary judgment for Claim 1 is denied.

*2.2 Claim 3 and 4*

The defendants' position on Claims 3 and 4 is that no record exists showing that Brown filed an inmate complaint on these issues. As a result, he did not exhaust his administrative remedies on those claims. Brown testified that he attempted to file grievances related to these claims by putting the completed inmate complaints in the trap door of his cell. Once he placed them in the trap door, he was not in a position to see who picked them up. He did become aware that the inmate complaint examiner did not receive his complaints. However, because he was in RHU, he was unsure how to follow up and received conflicting information on who he needed to talk to. Brown wrote to several people about this issue, including Wisconsin Department of Corrections Secretary Mr. Carr, but he never heard anything back.

5

"The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). To meet this burden, the defendants "need to show more than the absence of a grievance in prison records." *Daniels v. Prentice*, 741 Fed. App'x 342, 343-44 (7th Cir. 2018.) The failure to provide more evidence than the lack of a grievance, coupled with the fact that the grievance process was not clearly explained to Brown and Brown having limited access to the process while in RHU, suggests that the failure to exhaust was not Brown's fault. The process was functionally unavailable to him. Summary judgment on Claims 3 and 4 is denied.

*2.3 Claim 5 and Claim 6*

The defendants argue that Brown failed to exhaust his administrative remedies filed for Claims 5 and 6 because he filed inmate complaints relating to the incidents at issue after the deadline. Wis. Admin. Code § DOC 310.07(2) requires an inmate to file a complaint within 14 days after the incident giving rise to the complaint.

Regarding Claim 5, Brown filed inmate complaint RGCI-2019-20623 on November 27, 2019, for events that occurred on October 22, 2019. Brown testified that he attempted to timely file a complaint by putting it in the trap door of his cell, but the complaint was never filed. When he didn't hear anything about his complaint, he filed another complaint on November 27, 2019. When this complaint was rejected, he did not appeal because he also received a letter from Warden Meisner stating that his complaint "will be turned over to security for appropriate follow up." (ECF No. 67-3 at

6

Case 2:19-cv-01776-WED   Filed 06/17/21   Page 6 of 9   Document 71

7.) Brown understood this letter to mean that he did not have to appeal because his complaint was being investigated.

Regarding Claim 6, Brown testified that this was another instance where he originally attempted to file the complaint (RGCI-2019-21716) while in the RHU by putting it in the trap door of his cell, but the complaint was never filed. The underlying events of the complaint took place on September 28, 2021, but his grievance was not received by the inmate complaint examiner until December 16, 2019. Brown first attempted to file his grievance at the end of September. When he did not hear anything about his grievance, Brown was told to talk to the RHU supervisor, defendant Captain Keller. Brown spoke to Captain Keller but heard nothing further. So he tried again, and by the time he successfully submitted his complaint it was untimely.

The court notes that the regulations allow for the deadline requirement to be waived for good cause. *See* Wis. Admin. Code § DOC 310.07(11). Good cause in the context of the PLRA exhaustion requirement is where "the failure to exhaust is innocent." *Pyles v. Nwaobasi*, 829 F.3d 860, 866 (7th Cir. 2016) (quoting *Pavey*, 544 F.3d at 742). As discussed above, Brown has established that he had difficulty filing grievances while in segregation through no fault of his own. Thus, the deadline for filing his grievance should have been waived and his subsequent attempts should have been accepted.

Also, Brown cannot be faulted for failing to appeal the inmate complaint examiner's rejections of his late grievances. Specifically, for Claim 5 the letter from the

Warden is misleading and Brown's interpretation that the Warden was investigating the incident that underlies Claim 5 was reasonable. For Claim 6, Brown testified that he was getting conflicting information about what was needed for an appeal, to the point where he was too frustrated to appeal. Summary judgment on Claims 5 and 6 is denied.

### 3. Conclusion

The evidence demonstrates that Brown repeatedly had difficulties getting the appropriate information needed to file grievances and appeals, and the process was confusing, unclear, and hard to access, rendering him unable to strictly comply. As a result, administrative remedies were unavailable to Brown. Despite these obstacles, Brown has demonstrated that he made many attempts and tried many different methods to submit his grievances and appeals. The defendants' exhaustion arguments generally rely on technical and nuanced details of the grievance process that Brown failed to meet. The defendants do not account for the circumstances Brown was in, most notably the fact that he was in RHU, which hampered his ability to obtain information about the process and the appropriate forms.

Because Brown has shown that he substantially complied with the exhaustion requirements to the best of his ability, the defendants' summary judgment motion for Brown's failure to exhaust his administrative remedies is denied.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment on exhaustion grounds (ECF No. 35) is **DENIED**. The court will issue a

separate amended scheduling order resetting the deadlines for discovery and for filing dispositive motions at a later date.

Dated at Milwaukee, Wisconsin this 17th day of June, 2021.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge